An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROSARIO QUINONEZ; AND NORMA L. QUINONEZ,
Appellants,
vs.
WELLS FARGO BANK, N.A.; AND NATIONAL DEFAULT SERVICING CORPORATION,
Respondents.

No. 59841

FILED

SEP 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellants challenge the district court's denial of their petition for judicial review and consequent order that respondent Wells Fargo be issued an FMP certificate. We affirm.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) and (5); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellants first argue that Wells Fargo mediated in bad faith by providing erroneous information prior to mediation and then not correcting this information until the parties met at mediation. The

13-28022

district court considered this argument and did not clearly err when it concluded that Wells Fargo's failure to immediately correct did not amount to bad faith. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (indicating that, absent clear error, a district court's factual determinations will not be disturbed).

Appellants next contend that Wells Fargo failed to comply with the FMP's document production requirements by providing a deficient broker's price opinion (BPO). The district court did not clearly err when it found that the signed BPO, accompanied by the unsigned supplement, satisfied the FMP's requirements regarding production of a BPO. *Id.*

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Patrick Flanagan, District Judge
     Mark L. Mausert
     Tiffany & Bosco, P. A.
     Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A